892 July 29, 2026 No. 729

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

STEPHEN MICHAEL WICH,
*Defendant-Appellant.*

Yamhill County Circuit Court
23CR54217; A186135

Ladd J. Wiles, Judge.

Submitted February 5, 2026.

Zachary J. Stern and Stern Law filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Christopher A. Perdue, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

O'CONNOR, J.

Affirmed.

**O'CONNOR, J.**

Defendant appeals from a conviction for unlawful possession of psilocybin, ORS 475.752, raising two assignments of error. In his first assignment of error, defendant argues that the trial court erred when it denied his motion to suppress, contending that the police officer unlawfully extended the scope and duration of the noncriminal traffic investigation when the officer engaged in an unrelated criminal investigation of defendant for driving under the influence of intoxicants (DUII) without reasonable suspicion of the crime. In his second assignment of error, defendant argues that the trial court erred when it denied his motion for judgment of acquittal on the charge of unlawful possession of psilocybin. We conclude that the officer had reasonable suspicion that defendant committed DUII when he began the criminal investigation and that the evidence, viewed in the light most favorable to the state, was sufficient to support a guilty verdict of unlawful possession of psilocybin. Therefore, the trial court did not err in its respective rulings, and we affirm.

Because this is a nonprecedential opinion, we discuss the facts and procedural history only as necessary for the parties to understand our resolution of defendant's assignment of error.

*Motion to Suppress.* We review the trial court's denial of defendant's motion to suppress for legal error, and we are bound by the trial court's factual findings if they are supported by the record. *State v. Maciel-Salcedo*, 344 Or App 75, 76, 579 P3d 769 (2025), *rev den*, 375 Or 261 (2026). Defendant argues that the officer unlawfully extended the scope and duration of the traffic stop by engaging in an unrelated DUII investigation. Defendant also challenges the warrantless search-incident-to-arrest of defendant's car as unlawful because there were no exigent circumstances and asks us to overrule *State v. Krause*, 281 Or App 143, 383 P3d 307 (2016), *rev den*, 360 Or 752 (2017), as plainly wrong. The state responds that the officer had reasonable suspicion to investigate for DUII, given the officer's observations that defendant was driving 31 mph over the speed limit, defendant's breath smelled of alcohol, and defendant's demeanor was "overly calm and relaxed."

We will not overrule *Krause*. We have already considered and rejected similar arguments, and we reject defendant's arguments here for the same reasons. *See State v. Stevens*, 329 Or App 118, 125-26, 540 P3d 50 (2023), *rev den*, 372 Or 437 (2024) (explaining that the "defendant has not established that *Krause* is plainly contrary to controlling Supreme Court precedent, and [the] defendant largely echoes the dissent in *Krause*, which the majority necessarily considered and rejected").[1]

When a police officer conducts a traffic stop, an officer is limited to investigatory inquiries that are related to the traffic stop. *State v. Arreola-Botello*, 365 Or 695, 712, 451 P3d 939 (2019). To inquire beyond those boundaries or initiate a criminal investigation of DUII, an officer must have reasonable suspicion of that crime, which is "when the officer subjectively believes that the person has committed a crime and that belief is objectively reasonable in light of the totality of the circumstances." *See State v. Bryars*, 319 Or App 464, 475, 510 P3d 261 (2022). In evaluating the totality of the circumstances, we do not "pick[] apart each of the identified facts and [see if there is] an 'innocent' explanation for them." *See State v. Nichols*, 269 Or App 429, 433, 345 P3d 468 (2015).

Here, the record supports the following factual findings made by the trial court. The officer observed defendant driving 86 mph in a 55-mph zone. When the officer stood at the passenger window, the officer immediately noticed the odor of alcohol coming from the car, despite it being a particularly windy day. The officer believed it was emanating from defendant's breath. When the officer asked where defendant was coming from, defendant said, "Eureka, California," and the officer asked if defendant had made any stops on the way to his present location. Defendant said he had had one beer approximately an hour prior at a brew pub on the coast. The officer noticed a "slight slur" to defendant's speech. Finally, the officer observed he thought it was "odd" that defendant seemed "overly calm and relaxed."

The officer subjectively believed that defendant had committed DUII when he asked defendant where he had

---

[1] The issue is on review in the Supreme Court in *State v. Barajas*, 332 Or App 252 (nonprecedential memorandum opinion), *rev allowed*, 372 Or 763, 557 P3d 160 (2024).

come from. That subjective belief was objectively reasonable based on the totality of the circumstances. Defendant was driving 31 miles per hour over the speed limit, which permitted an inference of poor or impaired driving, and the officer immediately smelled the odor of alcohol coming from defendant's breath. Those facts together provided reasonable suspicion that justified the officer beginning a DUII investigation during the traffic stop. *See State v. Barnes*, 172 Or App 408, 410-11, 18 P3d 1108 (2001) (an officer's observation of the driver speeding and changing lanes without signaling, the odor of alcohol, and the defendant's admission he had been drinking was sufficient to support the officer's reasonable suspicion); *see also State v. Hlebechuk*, 339 Or App 120, 122-23, 566 P3d 673, *rev den*, 374 Or 372 (2025) (concluding that there was reasonable suspicion of DUII when the defendant had been speeding and "when the deputy initiated the stop, instead of pulling off to the side of the road, [the] defendant pulled into a parking lot; [the] defendant swung his door open as the deputy approached; [the] defendant had an unlit cigarette in his mouth; [the] defendant haphazardly sorted through his paperwork; and [the] defendant's speech was slurred and incoherent" (original formatting omitted)).

We do not consider defendant's "overly calm and relaxed" demeanor as part of the objective reasonable suspicion calculus in this case. People react differently when pulled over by a police officer for a traffic violation. Some may appear "overly calm and relaxed," and some may appear nervous. *See State v. Berry*, 232 Or App 612, 618, 222 P3d 758 (2009) (explaining that "there is nothing inherently suspicious about *** being nervous when pulled over by a police officer").

As defendant points out, we have concluded that the "moderate odor of alcohol" by itself is insufficient to provide reasonable suspicion of DUII; rather, additional evidence of intoxication is required. *State v. Ziebart*, 172 Or App 288, 291 n 3, 16 P3d 1212, *rev den*, 332 Or 326 (2001). Here, the observation of defendant's high rate of speed plus the observation of the "strong" odor of alcohol is sufficient to support the officer's reasonable suspicion of DUII. Thus, the trial court did not err when it denied defendant's motion to suppress.

*Motion for Judgment of Acquittal.* In defendant's second assignment of error, he makes two distinct arguments. We address them in order. First, he argues that there was insufficient evidence to support a verdict that he "knowingly" possessed psilocybin mushrooms. The state argues that the evidence was sufficient for a jury to find that defendant had "knowledge" that he possessed psilocybin mushrooms. When reviewing a motion for judgment of acquittal, "we view the facts in the light most favorable to the state, drawing all reasonable inferences in the state's favor." *State v. Leake*, 325 Or App 1, 3, 527 P3d 1054, *rev den*, 371 Or 476 (2023). Given our review of the record, we conclude that a jury could find that defendant knew the mushrooms in his possession were a controlled substance containing psilocybin.

Second, defendant argues that the trial court erred when it said in its oral ruling denying defendant's motion for judgment of acquittal that the state only needed to show "possession" of mushrooms under ORS 167.238(1) for a factfinder to infer knowledge of the item possessed.[2] In response, the state contends that defendant did not preserve this argument. We agree that defendant did not preserve this argument.

Defendant does not request plain error review, and we decline to exercise our discretionary authority to do so. ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court * * * provided that the appellate court may, in its discretion, consider a plain error." (Footnote omitted.)); *see also State v. Ardizzone*, 270 Or App 666, 673, 349 P3d 597, *rev den*, 358 Or 145 (2015) ("[W]e ordinarily will not proceed to the question of plain error unless an appellant has explicitly asked us to do so because it is incumbent upon the appellant to explain to us why an error satisfies the requisites of plain error and, further, why we should exercise our discretion to correct that error." (Internal quotation marks omitted.)). Therefore, the trial court did not err when it denied defendant's motion for judgment of acquittal for unlawful possession.

Affirmed.

---

[2] ORS 167.238(1) provides that "[p]roof of unlawful manufacture, cultivation, transportation or possession of a controlled substance is *prima facie* evidence of knowledge of its character." (Emphasis added.)